UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LAVALE HAIRSTON,

    Petitioner,                            Civil No. 5:16-CV-13123
                                           HONORABLE JOHN CORBETT O'MEARA
v.                                      UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

    Respondent,
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his state court convictions. On September 1, 2016, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The stay was conditioned on petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing his state court post-conviction proceedings.

Petitioner filed a motion for an extension of time to file his post-conviction motion for relief from judgment with the state courts. Petitioner is GRANTED a ninety day extension of time to file his post-conviction motion for relief from judgment with the state court.

1

Petitioner claims that there has been a delay by the state court in providing him with his case file and transcripts so that he can prepare his post-conviction motion. Petitioner requests an extension of time so that he can obtain these documents to file his post-conviction motion.

Petitioner is granted a ninety day extension of time to file his motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing the motion with the state courts on time. Accordingly, an extension of time should be granted to Petitioner. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

## ORDER

**IT IS ORDERED** that the motion for an extension of time [Dkt. # 6] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.

If petitioner files a motion for relief from judgment, he shall notify this Court that

such motion papers have been filed in state court. The case shall then be held in abeyance pending petitioner's exhaustion of the claims.

After petitioner fully exhausts his new claims, petitioner is **ORDERED to file an amended Petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.** Failure to do so may result in the dismissal of his case.

s/John Corbett O'Meara
United States District Judge

Date:  November 29, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 29, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager