**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID LAVALE HAIRSTON,

    Petitioner,                                    Civil No. 5:16-CV-13123
                                                        HONORABLE JOHN CORBETT O'MEARA
v.                                               UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A THIRD
EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR
RELIEF FROM JUDGMENT WITH THE STATE COURT**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his state court convictions. On September 1, 2016, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The stay was conditioned on petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing his state court post-conviction proceedings.

Petitioner filed a motion for an extension of time to file his post-conviction motion for relief from judgment with the state courts, which was granted on November 29, 2016. Petitioner filed a second request for an additional extension of time to file his post-conviction motion in the state courts, which was granted on February 23, 2017.

1

Petitioner has filed a third motion for an extension of time to file his post-conviction motion, which is GRANTED.

Petitioner claims that there has been a continued delay by the state court in providing him with discovery so that he can prepare his post-conviction motion. Petitioner requests an additional extension of time so that he can obtain these documents to file his post-conviction motion.

Petitioner is granted a ninety day extension of time to file his motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing the motion with the state courts on time. Accordingly, an extension of time should be granted to Petitioner. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

## ORDER

**IT IS ORDERED** that the request for an extension of time [Dkt. # 10] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to

2

adjudicate only those claims that were raised in the original petition.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending petitioner's exhaustion of the claims.

After petitioner fully exhausts his new claims, petitioner is **ORDERED to file an amended Petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.** Failure to do so may result in the dismissal of his case.

s/John Corbett O'Meara  
United States District Judge

Date: July 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 13, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager